IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3231-D

JAMES C. MCNEILL, )
)
      Plaintiff, )
)
v. ) **ORDER**
)
JOSEPH LIGHTSEY, et al., )
)
      Defendants. )

On August 9, 2021, James C. McNeill ("McNeill" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1].[1] On March 10, 2022, the court reviewed the complaint and allowed the action to proceed [D.E. 10]. On May 31, 2023, defendants filed a motion for summary judgment, memorandum in support, statement of material facts, and an appendix [D.E. 62, 63, 64, 65]. When McNeill failed to respond in opposition to defendants' motion for summary judgment, the court entered judgment for defendants. See [D.E. 73, 76].

On December 11, 2023, the court granted McNeill's motion to reopen the case and vacated the judgment [D.E. 78]. The court also directed defendants to refile their motion for summary judgment, to resend to McNeill their responses to McNeill's discovery requests, and to make arrangements with officials at USP Victorville for McNeill to view the video exhibit and file a notice with the court that unequivocally demonstrated that McNeill viewed the video exhibit. See id. at 2.

---

[1] On May 15, 2023, McNeill was transferred into federal custody. See [D.E. 71].

On December 20, 2023, defendants refiled their motion for summary judgment, memorandum in support, statement of material facts, and appendix [D.E. 79, 80, 81, 82]. Defendants also notified the court that they resent McNeill their responses to his discovery requests [D.E. 83]. On December 21, 2023, the clerk entered a notice of deficiency about defendants' appendix because the exhibits were not filed as separate documents, see [D.E. 82], and directed defense counsel to refile their motion for summary judgment. On the same date, defense counsel filed another duplicative motion for summary judgment, memorandum in support, statement of material facts, and appendix that complied with the clerk's notice of deficiency. Compare [D.E. 79, 80, 81, 82], with [D.E. 85, 86, 87, 88]. On January 10, 2024, the court denied as moot defendants' duplicative motion for summary judgment [D.E. 90]. On March 19, 2024, the court denied without prejudice defendants' motion for summary judgment because defendants attached a video exhibit showing a use-of-force incident on January 31, 2020, rather than a video showing the use-of-force incident on May 13, 2020, which is the subject of this action [D.E. 102].

On June 17, 2024, defendants refiled their motion for summary judgment, memorandum in support, statement of material facts, and appendix [D.E. 114, 115, 116]. On June 18, 2024, the court notified McNeill about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 117]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On October 4, 2024, the court denied McNeill's motion for sanctions and gave McNeill until November 12, 2024, to respond to defendants' motion for summary judgment [D.E. 119]. The court also directed defendants to resend McNeill various documents and make arrangements with officials at USP Victorville for McNeill to view the video exhibit showing the use-of-force incident on May 13, 2020. See id. at 2–3. The court also directed defendants to file

2

a certificate of service with the court stating that they resent the documents to McNeill and that McNeill viewed the video exhibit. See id.

On October 24, 2024, defendants filed a certificate of service stating that they resent the documents and video to McNeill via overnight shipping and attached a copy of the tracking receipt showing that the documents were delivered to USP Victorville. See [D.E. 120] 1, 4–5. Defendants also certified that McNeill was shown the video, but refused to sign the receipt and acknowledgement form. See id. at 1. Defendants filed a copy of the receipt and acknowledgement form that two prison officials signed documenting McNeil's refusal. See id. at 1, 3.

On November 14, 2024, McNeill filed a notice that he did not receive the documents nor was he able to view the video in full. See [D.E. 121] 1. On December 13, 2024, the court found that McNeill viewed the video exhibit showing the use-of-force incident on May 13, 2020, and declined McNeill's request for additional discovery because he was not finished taking notes of the video [D.E. 122]. The court also directed defendants to contact officials at USP Victorville and verify whether McNeill received the documents that the court directed defendants to resend to McNeill in its October 4, 2024 order. See id. at 2–3. The court also directed defendants to file a certificate of service with the court that verified whether McNeill received the documents resent to him, and gave McNeill until January 13, 2025, to respond to defendants' motion for summary judgment. See id.

On December 17, 2024, defendants filed a certificate of service stating that the documents were hand-delivered to McNeill, but he refused to sign the receipt and acknowledgement form. See [D.E. 123] 1–6. On January 23, 2025, McNeill filed a notice stating that he received the documents on December 17, 2024. See [D.E. 126] 1. On January 28, 2025, the court granted McNeill's request for another extension of time until February 14, 2025, to respond to defendants'

3

motion for summary judgment, notified McNeill there would be no further extensions of this deadline, and warned McNeill that the action would be dismissed if McNeill failed to respond to defendants' motion for summary judgment [D.E. 127].

On February 24, 2025, at the court's direction, the clerk entered judgment due to McNeill's failure to respond to defendants' motion for summary judgment. See [D.E. 127, 130]. On February 28, 2025, McNeill filed a response in opposition to defendants' motion for summary judgment [D.E. 131]. On March 11, 2025, McNeill filed a notice which the clerk construed as a motion for reconsideration [D.E. 132].

McNeill alleges the court erred in dismissing his case for failure to respond to defendants' motion for summary judgment. See [D.E. 132] 1. McNeill argues he responded to defendants' motion for summary judgment by the February 14, 2025, deadline by submitting his response "to the correctional officer on Friday night 11pm 2/14/25." Id. McNeill states the "prison's mailroom wasn't open on Friday night 2/14/25," and because of the weekend and a federal holiday that Monday, "the earliest that th[e] institution's mailroom would take [his response] to the U.S. Post Office would be Tuesday 2/18/25." Id.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See, e.g., Nicholson v. Durant, 162 F.4th 417, 422 (4th Cir. 2025); Daulatzai v. Maryland, 97 F.4th 166, 177–78 (4th Cir. 2024); Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Although Rule 59(e) does not specify a standard for granting a motion to alter or amend, the Fourth Circuit recognizes only three reasons for granting a motion under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

4

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); see Nicholson, 162 F.4th at 422; Gilliam v. Allen, 62 F.4th 829, 848 (4th Cir. 2023); Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020); Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

McNeill does not demonstrate any error, much less a clear error, in the court's order. McNeill "chose to wait until the mailroom was closed to attempt to mail [his response to defendants' motion for summary judgment] and did not in fact mail it until [February 18, 2025], after the deadline for [responding to defendants' motion for summary judgment]." Hayward v. McCabe, No. 1:11-CV-644, 2012 WL 1096101, at *2 (D.S.C. Mar. 30, 2012) (unpublished).

Even if the court found McNeill's filing timely under the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 275–76 (1988), McNeill did not properly respond to defendants' motion for summary judgment. See [D.E. 131] 1–14; [D.E. 131-1] 1–2. McNeill's response consisted of a fourteen-page declaration that described day-to-day events that occurred in January 2025 that allegedly prevented him from responding to defendant's motion for summary judgment, and a two-page exhibit that contained a request for administrative remedy concerning the alleged events that occurred in January 2025. See [D.E. 131] 1–14; [D.E. 131-1] 1–2. McNeill alleged he was placed in the special housing unit on January 17, 2025, and that his legal documents were withheld from him on that date. See [D.E. 131] 1–14; [D.E. 131-1] 1–2.

Defendants supported their motion for summary judgment with a statement of material facts, memorandum of law, and appendix of exhibits. See [D.E. 114, 115, 116]. A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for

5

summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir. 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113, 2017 WL 1030706, at *1 n.1 (E.D.N.C. May 15, 2017) (unpublished); see Fed. R. Civ. P. 56(e)(2). The court's Roseboro notice informed McNeill of the requirements for responding to defendants' motion for summary judgment. See [D.E. 117] 1–5; cf. Pledger v. Lynch, 5 F.4th 511, 525 (4th Cir. 2021). Nonetheless, McNeill did not submit a memorandum of law in opposition to defendants' motion for summary judgment, an opposing statement of facts, or an appendix, and his complaint was not verified. See [D.E. 1] 1–20; [D.E. 1-1] 1–7; [D.E. 131] 1–14; [D.E. 131-1] 1–2; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021). Thus, McNeill did not respond to defendants' motion for summary judgment.

To the extent McNeill argues his legal documents were withheld from him on January 17, 2025, defendants' motion for summary judgment had been pending for seven months at that time. See [D.E. 114, 115, 116]. During those seven months, McNeill filed numerous motions and notices stating that he had not received certain documents or viewed defendants' video exhibit. See [D.E. 118, 121, 124, 126]. To accommodate McNeill, the court directed defendants to resend McNeill the documents and to make arrangements with prison officials for McNeill to view the video exhibit. See [D.E. 119, 122, 127]. Defendants complied and filed certificates of service demonstrating that the documents were delivered to McNeill and that he was shown the video

6

exhibit. See [D.E. 120, 123, 129].[2] Notably, McNeill and defendants confirmed that the documents were hand-delivered to McNeill on December 17, 2024, which was one month before McNeill alleges his legal documents were withheld from him. See [D.E. 123, 126]. Accordingly, the court denies the motion for reconsideration. See, e.g., Ray v. Evercom Sys., Inc., No. 4:05-CV-2904, 2009 WL 2997607, at *3 (D.S.C. Sept. 15, 2009) (unpublished) ("Plaintiff has simply not provided this court with an adequate excuse for his deliberate and repeated failure to adhere to court ordered deadlines or substantively respond to the merits of the dispositive motions."), aff'd, 378 F. App'x 352 (4th Cir. 2010) (per curiam) (unpublished).

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 132].

SO ORDERED. This 12 day of February, 2026.

JAMES C. DEVER III
United States District Judge

---

[2] When defendants' previous motions for summary judgment were pending, McNeill similarly alleged he could not respond to defendants' motions because he had not received certain documents, and the court similarly directed defendants to resend McNeill the documents. See [D.E. 73, 78, 96, 102].